United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re: Cathode Ray Tube (CRT)          )    MDL No.  1917
Antitrust Litigation                   )
                                       )    Case No. 07-5944 SC
_____)
                                       )    ORDER GRANTING
CRAGO, Inc.,                           )    INDIRECT PURCHASER
                                       )    PLAINTIFFS' MOTION TO
          Plaintiff,                   )    AUTHORIZE SERVICE ON
                                       )    CERTAIN FOREIGN
     v.                                )    DEFENDANTS PURSUANT
                                       )    TO FEDERAL RULE OF
CHUNGHWA PICTURE TUBES, LTD., <u>et</u>      )    CIVIL PROCEDURE
<u>al.</u>,                                   )    <u>4(F)(3)</u>
                                       )
          Defendants.                  )
                                       )
_____)

I.   **<u>INTRODUCTION</u>**

     This matter comes before the Court on the Indirect Purchaser

Plaintiffs' Motion to Authorize Service on Certain Foreign

Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3)

("Motion").  Docket No. 344.  Defendants Koninklijke Philips

Electronics N.V. ("Koninklijke") and Toshiba Corporation

("Toshiba") Opposed the Motion and Plaintiffs filed a Reply.

Docket Nos. 354, 357, 363.  The remaining Defendants affected by

the Motion have agreed to accept service.  <u>See</u> Docket Nos. 353,

356, 360, 361, 372.  The matter was submitted to the Honorable

Judge Legge, who has been appointed Special Master in this action.

Judge Legge conducted a hearing and issued a Report and

Recommendation regarding the Motion.  Docket No. 373.  After

considering Judge Legge's Report and Recommendation of August 29,

2008, and after reviewing the parties' papers, this Court GRANTS

Plaintiffs' Motion.

   The Court merely notes that under Federal Rule of Civil

Procedure 4(f)(3)[1] and the relevant caselaw, service on foreign

defendants, even those who are signatories to the Hague

Convention, is proper under Rule 4(f)(3) where the foreign

defendants have domestic subsidiaries and/or counsel and where

service does not require transmittal abroad.[2]  See Volkswagenwerk

Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707 (1988) (holding

that the "only transmittal [of service] to which the [Hague]

Convention applies is a transmittal abroad that is required as a

necessary part of service").

   In the present case, it is undisputed that both Koninklijke

and Toshiba have domestic subsidiaries and domestic counsel.  The

Supreme Court has stated that "[w]here service on a domestic agent

is valid and complete under both state law and the Due Process

Clause, our inquiry ends and the [Hague] Convention has no further

_____

   [1]  Rule 4(f)(3) states that "an individual  . . . may be
served at a place not within any judicial district of the United
States: . . . by other means not prohibited by international
agreements, as the court orders."  Fed. R. Civ. P. 4(f)(3).

   [2]  It is undisputed that both Defendants are foreign
corporations located in countries that are signatories to the Hague
Convention.

2

United States District Court

For the Northern District of California

implications." <u>Volkswagenwerk</u>, 486 U.S. at 707.  This reasoning

applies with equal force to service on a domestic agent under

federal law.  <u>See</u>, <u>e.g.</u>, <u>In re LDK Solar Sec. Litig.</u>, C No. 07-

5182, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (stating

"nothing in the [Hague] Convention bars the requested means of

service" under Rule 4(f)(3) upon a domestic subsidiary).

Defendants have provided no explanation for why transmittal abroad

would be required in the present case, when federal law plainly

permits service on Defendants' domestic subsidiaries or domestic

counsel.  <u>See</u> <u>Rio Prop., Inc. v. Rio Int'l Interlink</u>, 284 F.3d

1007, 1016 (9th Cir. 2002) (holding that "[a]pplying th[e] proper

construction of Rule 4(f)(3) . . ., trial courts have authorized a

wide variety of alternative methods of service including . . .

delivery to defendant's attorney").  Defendants' argument that

service under Rule 4(f)(3) is somehow prohibited by the Hague

Convention in the present circumstances is, accordingly, without

support.

    The Hague Convention applies only when transmittal abroad is

required.  Because Koninklijke and Toshiba have domestic

subsidiaries and domestic counsel, transmittal abroad for service

is not required.  The Hague Convention therefore does not prohibit

service on Defendants under Rule 4(f)(3).[3]  Plaintiffs' Motion is

---

[3] For this reason, Defendants' reliance on a footnote from
<u>Rio Properties</u> is misplaced.  <u>See</u> <u>Rio Properties</u>, 284 F.3d at 1015
n.4 (stating that a "federal court would be prohibited from issuing
a Rule 4(f)(3) order in contravention of an international
agreement, including the Hague Convention").  As the Hague
Convention, for the reasons stated above, does not apply, this
footnote is inapposite.

GRANTED.

The hearing on this Motion scheduled for Friday, September 5, 2008, is hereby VACATED.


IT IS SO ORDERED.


Dated: September 3, 2008

_____

UNITED STATES DISTRICT JUDGE